OPINION
{¶ 1} On January 22, 1999, Safe Auto Insurance Company ("Safe Auto"), Danielle Smith and Crystal Smith filed a lawsuit naming Kathleen Perry, Larry Perry Construction and Larry Perry as defendants. The lawsuit alleged that Kathleen Perry had negligently caused a motor vehicle collision which had resulted in injuries and damages to Danielle Smith and Crystal Smith. Safe Auto had paid for part of the damages and alleged that it was subrogated for the amount it had paid.
 {¶ 2} Service of process was obtained on Kathleen Perry. She filed a hand-written answer to the complaint in which she denied being negligent and in which she denied causing any damage when the cars collided.
 {¶ 3} Safe Auto filed for default judgment against Larry Perry and Larry Perry Construction. Safe Auto also began pursuing discovery with respect to Kathleen Perry's portion of the lawsuit. Safe Auto served interrogatories, a request for admission and a request for production of documents on June 28, 1999.
 {¶ 4} The case was scheduled for a pre-trial hearing before a judge of the Franklin County Municipal Court for October 22, 1999. Shortly before the hearing, counsel for Safe Auto filed a motion seeking leave to file a motion for summary judgment. The trial court granted the leave to file for summary judgment.
 {¶ 5} Counsel for Safe Auto filed its motion for summary judgment, relying heavily upon the request for admissions served in June of 1999. Kathleen Perry, counsel alleged, had not responded to the request so the admissions were deemed to be admitted.
 {¶ 6} Kathleen Perry filed a hand-written response to the motion for summary judgment. She implied that she had just gotten the request for admissions, but did not expressly state so. She again denied responsibility for the collision, but filed no papers in a form which could be used to contest a granting of summary judgment. Specifically, she provided no affidavit with her version of the facts.
 {¶ 7} On October 28, 1999, the trial court signed an entry granting summary judgment. The judgment entry was subsequently journalized on November 12, 1999.
 {¶ 8} On January 31, 2000, an attorney filed a motion for relief from judgment on Kathleen Perry's behalf. Counsel for Safe Auto filed a memorandum in response. Counsel for Ms. Perry then filed a reply. The trial court granted the motion for relief from judgment and directed that the case be set for a court trial.
 {¶ 9} On June 21, 2000, counsel for Safe Auto dismissed the lawsuit with respect to Larry Perry and Larry Perry Construction. On June 29, 2000, counsel appealed the setting aside of the summary judgment for Safe Auto.
 {¶ 10} On January 25, 2001, a panel of this appellate court ordered the appeal dismissed. See the decision rendered in Safe Auto Ins. Co. v. Perry (Jan. 25, 2001), Franklin App. No. 00AP-722. The essence of the decision was that the prior granting of summary judgment had not been a final appealable order so setting aside the summary judgment entry did not constitute a final appealable order.
 {¶ 11} After the appeal was dismissed, counsel for Safe Auto filed a motion for reconsideration of the granting of relief from the summary judgment. Counsel for Ms. Perry filed a memorandum in reply. Ultimately, the trial court scheduled the motion reply for an oral hearing, following which the trial court affirmed its earlier ruling and set a date for Ms. Perry to file her response to the request for admissions.
 {¶ 12} The case was set for trial on August 29, 2002. A key witness for Safe Auto did not appear, so Safe Auto was unable to proceed with its proof. As a result, the trial court dismissed the case with prejudice for want of prosecution.
 {¶ 13} Safe Auto has again appealed, assigning four errors for our consideration:
 {¶ 14} "ASSIGNMENT OF ERROR NUMBER ONE
 {¶ 15} "The Trial Court Erred By Granting Relief From Summary Judgment Under Civ.R. 60(B) As There Was No Final Appealable Order Until August 30, 2002.
 {¶ 16} "Assignment Of Error Number Two
 {¶ 17} "The Trial Court Erred In Granting Defendant's Motion To Vacate/amend Her Unanswered Admissions That Had Previously Been Deemed Admitted For Purposes Of The Summary Judgment Proceeding, Which Were Conclusively Established For Purposes Of This Case.
 {¶ 18} "Assignment Of Error Number Three
 {¶ 19} "The Trial Court Erred By Dismissing Plaintiffs-Appellants' CASE WITH PREJUIDCE.
 {¶ 20} "Assignment Of Error Number Four
 {¶ 21} "The Trial Court Erred By Granting Defendant's Civ.R. 60 (B) Motion."
 {¶ 22} Kathleen Perry has filed a brief of sorts on her own behalf, but does not have the legal expertise to address the merits of the appeal in a helpful way.
 {¶ 23} Addressing the first assignment of error, because the granting of summary judgment was not a final judgment at the time it was granted, the trial court had the authority to reconsider the summary judgment. As a matter of legal theory, this could have been done on a motion for reconsideration, but given the complex procedural history of this case, we cannot fault the trial court for addressing the summary judgment with reference to Civ.R. 60(A) and (B). The same sorts of criteria set forth in Civ.R. 60(B) are criteria a trial court could consider in deciding on a motion for reconsideration.
 {¶ 24} The first assignment of error is overruled.
 {¶ 25} Since Kathleen Perry had filed an answer in which she clearly denied the key portions of the request for admissions, the court and counsel were on notice that she denied responsibility for the collision. The court and counsel were also on notice that she felt she had not received anything like a request for admission of dispositive issues such as negligence. Under the circumstances, the trial court did not abuse its discretion in allowing the deemed admissions to be set aside.
 {¶ 26} The second assignment of error is overruled.
 {¶ 27} Over three and one-half years after the case was filed, a trial was scheduled. Counsel for Safe Auto could not locate any witnesses to the collision, (including his own clients) except Kathleen Perry. Counsel could have dismissed the case right up to the day of trial and refiled the case within a year. Instead, counsel chose to appear at trial with no ability to prove the merits of the lawsuit filed on behalf of his clients. Dismissal by the court was really the only option. Dismissal with prejudice was within the trial court's discretion.
 {¶ 28} The third assignment of error is overruled.
 {¶ 29} For the same reasons, we believe that reconsideration was within the trial court's discretion, we believe a Civ.R. 60(B) motion could be sustained.
 {¶ 30} Kathleen Perry had no ability to hire a lawyer and ultimately received the help of counsel acting pro bono publico. She clearly and persuasively stated her reasons why she did not feel that judgment should be rendered against her. The only "proof" was a pro se person's failure to respond to a request for admissions she denied receiving. The trial judge had the discretion to set summary judgment aside, either under Civ.R. 60 or under a motion to reconsider.
 {¶ 31} The fourth assignment of error is overruled.
 {¶ 32} All four assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.